# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN WADE PURSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3276 |
| | § | |
| BRAD LIVINGSTON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff, a state inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed this section 1983 lawsuit against four prison employees and/or officials.[1] Because plaintiff's allegations do not raise a colorable claim for which relief can be granted under section 1983, this case will be dismissed.

*Background and Claims*

Plaintiff states that he is a deaf inmate, and that defendants at the Estelle Unit are denying him access to videophone telecommunication. According to plaintiff, the prison's current TTY telephone system is "outmoded" and hampers efficient communication with the free world community, thus denying him equal access to information and resources that would be provided to hearing inmates. He further

---

[1] Plaintiff attaches to his complaint an exhibit purportedly signed by numerous other inmates at the Estelle Unit who want videophone access. Because only plaintiff has signed the complaint and submitted copies of his grievances with an application to proceed *in forma pauperis*, these inmates are not construed as additional plaintiffs.

complains that his prison grievances regarding this issue were denied without adequate investigation.

Plaintiff asks that this Court order Estelle Unit officials to provide videophone access to all deaf prisoners.

*Grievance Claims*

Plaintiff complains that defendants and other prison officials denied his prison grievances without undertaking an adequate investigation of his claims. However, prisoners have no constitutional right to a satisfactory investigation or resolution of their administrative grievances, and no viable claim is stated. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

Plaintiff's allegations fail to state a claim for which relief can be granted under section 1983, and the claims are DISMISSED WITH PREJUDICE pursuant to 1915A(b)(i).

*Equal Protection Claims*

Plaintiff claims that defendants are discriminating against him as a deaf inmate by providing deaf inmates a TTY telecommunication system instead of a videophone system. He argues that TTY systems are "outmoded" and that the free world deaf community prefers use of videophone systems for more efficient communication. Given a liberal construction, plaintiff's allegations raise a claim for the denial of equal protection.

TTY, also known as Text Telephone Device or Telecommunication Device for the Deaf, is a special device, required at both ends of the conversation, that enables people who are deaf, hard of hearing, or speech-impaired to use a telephone to communicate. TTY works by allowing people to type messages back and forth to one another instead of talking and listening. *The Estate of A.R. v. Grier*, 2013 WL 391159, *3 (S.D. Tex. Jan. 30, 2013). A videophone system, on the other hand, is a telephone with an integrated camera and video monitor. The camera captures a video signal of the caller, which is carried over high-speed broadband internet lines and is then displayed on the recipient's video monitor, and *vice versa*. *Livingston v. Beeman*, 408 S.W.3d 566, 569 (Tex. App. – Austin, 2013, pet. filed). The videophone system allows deaf individuals to see each other on a screen so that they can communicate through American Sign Language.

At issue here is plaintiff's contention that defendants' providing him "outmoded" TTY access rather than more efficient videophone access denies him equal protection, as he is not afforded telecommunication capability and access on par with those afforded hearing inmates. According to plaintiff, TTY technology in the free world is slowly but steadily being replaced by videophone technology due to its efficiency and ease of use. Plaintiff claims that he, as a deaf inmate, is entitled to the same level of telecommunication and communication privileges and access enjoyed by hearing inmates at the Estelle Unit. Plaintiff does not allege facts showing any specific instance where lack of access to videophone telecommunication deprived him of access to his

3

attorney or otherwise deprived him of a necessary communication. Moreover, he does not allege that hearing inmates have unlimited access to telecommunications. Accordingly, the overarching issue in this lawsuit is whether defendants denied plaintiff equal protection by failing to provide a videophone telecommunication system at the Estelle Unit.

To prevail on his equal protection claim, plaintiff must show that a state actor intentionally discriminated against him because of membership in a protected class, or that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See Gibson v. Tex. Dep't of Insurance*, 700 F.3d 227, 238 (5th Cir. 2012); *Stefanoff v. Hays County*, 154 F.3d 523, 526 (5th Cir. 1998). Disabled inmates are not a protected class. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). Further, plaintiff has not alleged facts showing that he was treated any differently from similarly situated prisoners. According to plaintiff, all deaf inmates at the unit had access to the TTY system, and none had access to a videophone nor did any hearing inmates have access to a videophone. Thus, plaintiff was not treated differently from any other deaf or disabled Estelle Unit inmate in that regard. Nor does plaintiff allege that he enjoys a fundamental right to access videophones or any other form of telecommunication; indeed, the courts have found no such fundamental right for prisoners. He further fails to allege facts showing that any named defendant acted with purposeful discriminatory motive in not providing him access to a videophone, or that any decision by defendants to treat inmates with different

hearing abilities differently had no rational relation to any legitimate governmental objective.

In short, plaintiff acknowledges that he has access to a TTY telecommunication system that allows deaf inmates to communicate with individuals in the free world community. That defendants at the Estelle Unit declined to provide plaintiff access to an arguably more technologically-advanced videophone system does not mean that his equal protection rights have been impugned. Plaintiff's allegations fail to set forth a claim for which relief can be granted under section 1983, and his lawsuit will be dismissed.

## *Conclusion*

This lawsuit is DISMISSED for failure to state a claim for which relief can be granted under section 1983. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on December 23, 2014.

_____
Gray H. Miller
United States District Judge